```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | |
|---|---|
| TYMISHA JORDAN,                          * | |
|     Plaintiff,                           * | |
| vs.                                      * | |
|                                            | CASE NO. 4:08-CV-131 (CDL) |
| RANDOLPH COUNTY SCHOOLS; HENRY          * | |
| COOK, in his capacity as Chair            | |
| of the Randolph County Board of         * | |
| Education; ROBERT JENKINS, in             | |
| his capacity as Superintendent          * | |
| of Randolph County School                 | |
| District; and LEE BYRD, in his          * | |
| capacity as Principal of                  | |
| Randolph Clay High School,              * | |
|     Defendants.                          * | |

O R D E R

Defendants move to dismiss Plaintiff's equal protection and conspiracy claims against the individual Defendants based on qualified immunity. The individual Defendants established that they were engaged in a discretionary function when they took the challenged actions. Plaintiff therefore had the burden to show that qualified immunity should not apply. *E.g., Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009). Plaintiff, who is represented by counsel, did not respond at all to Defendants' motion to dismiss and thus did not meet her burden to show that qualified immunity should not apply. To conclude otherwise, the Court would have to do Plaintiff's counsel's work for him and manufacture arguments on behalf of Plaintiff. Such an action would be inappropriate because "the onus is on the parties to formulate

arguments." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).  For these reasons, because Plaintiff did not respond to Defendants' motion to dismiss and meet her burden to show that qualified immunity should not apply, the Court concludes that Plaintiff has abandoned her individual capacity federal and state law equal protection and conspiracy claims against the individual Defendants.  *Cf., e.g., Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding a plaintiff's failure to respond to a motion to dismiss certain claims constituted abandonment of those claims).  Accordingly, the Court grants Defendants' Motion for Partial Dismissal of Plaintiff's Complaint for Damages (Doc. 26). This dismissal renders moot Defendants' Motion for Reconsideration (Doc. 25).

IT IS SO ORDERED, this 31st day of July, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE