IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

```
TYMISHA JORDAN,                  *

    Plaintiff,                   *

vs.                              *    CASE NO. 4:08-CV-131 (CDL)

RANDOLPH COUNTY SCHOOL DISTRICT, *

    Defendant.                   *
```

O R D E R

Defendant Randolph County School District ("RCSD") seeks an order compelling Plaintiff to appear for an independent mental evaluation.  Plaintiff did not respond to RCSD's motion.  As discussed below, RCSD's Motion to Compel (Doc. 47) is granted. **Plaintiff is hereby ordered to appear for an independent mental evaluation at the office of Dr. Connie Schenk at 1:00 p.m. on May 18, 2010.**  If Plaintiff does not appear for the evaluation, the Court will impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(B).

DISCUSSION

Plaintiff alleges that while she was a student in the Randolph County School District ("RCSD"), three fellow students raped her in the school auditorium.  Among other things, she seeks "compensatory damages . . . sufficient to compensate Plaintiff and make her whole for her loss of good health, mental anguish and loss of enjoyment of

life, medical and psychological expenses both past and future, lost wages, impaired earning capacity and other compensatory damages." (Am. Compl. at 12.)  Plaintiff contends that, as a result of the rape, she no longer has any interest in pursuing the goals she had before the rape; she regressed in speech and is non-verbal; she regressed in social development; she has lost any sense of independence; she has lost wages because she is unable to work; she has lost trust in strangers, particularly men, and she has nightmares and is not able to sleep.  (Ex. A to RCSD's Mot. to Compel, Pl.'s Resp. to RCSD's Interrogs. 2.)  In addition, according to RCSD, Plaintiff obtained a psychological evaluation stating that she has the cognitive function of a child aged 5 or 6.

    RCSD decided to retain a clinical and forensic psychologist as an expert; the expert, Dr. Connie Schenk, was to conduct an independent mental evaluation of Plaintiff.  According to RCSD, Plaintiff's counsel agreed that such an evaluation would be appropriate under the circumstances of the case, where Plaintiff's mental state is in controversy.  *See* Fed. R. Civ. P. 35(a) (authorizing court to order, on motion for good cause, mental examination of party where party's mental condition is in controversy).  Plaintiff's counsel confirmed that Plaintiff and her mother would be able to attend the March 18, 2010 evaluation.  On the day before the scheduled evaluation, Plaintiff's mother again

confirmed that she and Plaintiff would attend. However, on the morning of the scheduled evaluation, Plaintiff's counsel contacted Dr. Schenk's office and cancelled the evaluation.

It is undisputed that Plaintiff's mental state is in controversy. Plaintiff seeks damages for mental anguish and loss of enjoyment of life, contending, among other things, that she has lost interest in her former goals, that she has regressed in speech and social development, that she is unable to work, that she has lost trust in strangers, that she has nightmares that make her unable to sleep, and that she has a mental capacity of 5 or 6. Therefore, the Court finds it appropriate to order a mental evaluation of Plaintiff. Plaintiff offers no objection to the qualifications of Dr. Connie Schenk, a clinical and forensic psychologist. For these reasons, the Court grants RCSD's motion to compel, and Plaintiff is ordered to appear for the independent mental evaluation at the office of Dr. Connie Schenk at 1:00 p.m. on May 18, 2010.

## CONCLUSION

As discussed above, Plaintiff is ordered to appear for the independent mental evaluation at the office of Dr. Connie Schenk at 1:00 p.m. on **May 18, 2010**. The Court declines to impose sanctions upon Plaintiff at this time, but if Plaintiff does not appear for the May 18 evaluation, the Court will impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(B).

3

The deadline for RCSD's expert disclosures is hereby extended until **June 4, 2010.**

IT IS SO ORDERED, this 16th day of April, 2010.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE